# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1002
_____

United States of America,                 *
                                          *
        Appellee,                      *
                                          *    Appeal from the United States
    v.                               *    District Court for the
                                          *    Western District of Missouri.
Jorge Aguilar-Neri, also known as         *
Transitro Lopez, also known as Pedro      *          [UNPUBLISHED]
Soria,                                    *
                                          *
        Appellant.                     *

_____

Submitted:  July 5, 2001
Filed:  July 16, 2001
_____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Jorge Aguilar-Neri pleaded guilty to a one-count indictment charging him with being found in the United States after previously having been deported, see 8 U.S.C. § 1326 (1994 & Supp. IV 1998). In his written plea agreement, and at his plea hearing, Aguilar-Neri agreed that he had been deported previously for an aggravated felony and acknowledged that, as a result, he faced an enhanced base offense level under U.S.

Sentencing Guidelines § 2L1.2(b)(1)(A). The District Court[1] sentenced Aguilar-Neri to fifty-seven months of imprisonment and two years of supervised release. On appeal, counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), arguing only that the section 2L1.2(b)(1)(A) enhancement is too harsh; in his pro se brief, Aguilar-Neri argues that his sentence exceeds the statutory maximum for the basic crime of illegal reentry, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and raises two ineffective-assistance claims. We reject these arguments.

The issue counsel raises on appeal is not a valid basis for review, see 18 U.S.C. § 3742(a) (1994), and Aguilar-Neri's sentence did not violate Apprendi, see Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998).

As to the ineffective-assistance claims, Aguilar-Neri argues (1) he was forced to file a notice of appeal pro se because his counsel failed to do so at Aguilar-Neri's request; and (2) he was denied effective assistance of counsel because he was not advised of his right to have counsel present at his presentence interview. Although we normally do not address ineffective-assistance claims on appeal, we do so here because the facts of the record demonstrate Aguilar-Neri cannot show the requisite prejudice under Strickland v. Washington, 466 U.S. 668, 692 (1984). Cf. United States v. Ford, 918 F.2d 1343, 1350 (8th Cir. 1990) (addressing ineffective-assistance claim on direct appeal where all relevant facts were known and government did not object). First, the record shows that counsel filed and signed a timely notice of appeal on behalf of Aguilar-Neri, and in any event, this appeal demonstrates that Aguilar-Neri was not prejudiced by any failure on counsel's part to file the notice. Second, to the extent Aguilar-Neri had a Fifth Amendment right to have counsel present during his

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

presentence interview, he does not explain (nor can we discern) how he was prejudiced.

Additionally, we have reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw and affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.